Return Date: No return date scheduled
FILED
1/19/2021 12:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2020L009095

11866562

FILED DATE: 1/19/2021 12:00 AM   2020L009095

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| DEBORAH HEARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2020L009095 |
| | ) |
| WALMART, INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT WALMART INC.'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AT LAW**

NOW COMES the Defendant **WALMART INC.**, by and through its attorneys, O'Hagan Meyer LLC, and for its Answer and Affirmative Defenses to Plaintiff's Complaint at Law, states as follows:

**COMPLAINT**

1.  On September 10, 2018, Defendant WALMART, INC, was a retail store doing business in the City of Chicago, State of Illinois.

**ANSWER: The Defendant admits the allegations of Paragraph 1 of Plaintiff's Complaint at law.**

2.  On September 10, 2018, Defendant WALMART Inc., owned, controlled, maintained and possessed the WALMART store and surrounding parking lots, located at 4650 West North Avenue, in the City of Chicago, State of Illinois.

**ANSWER: The Defendant admits that it operated a retail store at the time and place alleged, but denies the remaining allegations and legal conclusions of Paragraph 2 of Plaintiff's Complaint at Law.**

3.  Defendant owed Plaintiff the duty, individually and by and through its agents, servants and employees on its behalf, to exercise ordinary and reasonable care and caution in and about the ownership, operation, management, maintenance and control of said premises, and the windows, doors, stairways, passages, areaways, parking lots and appurtenances thereof and thereat,

so that same would be in a good, safe and proper condition for personas legally and lawfully in and upon said premises to be, use, occupy and walk upon, and so as not to cause harm

**ANSWER: The Defendant avers that duties arise by operation of law rather than by allegation of the pleader, and therefore, neither admits or denies the duty as stated in Paragraph 3 of Plaintiff's Complaint.**

4. On September 10, 2018, the Defendant WALMART INC breached its duty of care and failed to exercise ordinary care in keeping and maintaining WALMART INC in a reasonably safe condition for use by the public.

**ANSWER: The Defendant denies the allegations and legal conclusions of Paragraph 4 of Plaintiff's Complaint at Law.**

5. At said time and place, Plaintiff, while walking in WALMART INC, tripped and fell over a piece of metal.

**ANSWER: The Defendant denies the allegations and legal conclusions of Paragraph 5 of Plaintiff's Complaint at Law.**

6. At said time and place, Defendant WALMART INC was guilty of one or more of the following wrongful acts or omissions:

    (a) Carelessly and negligently maintained and controlled WALMART INC parking lot, thereto, so as a direct and proximate result, the Plaintiff was injured.
    (b) Carelessly and negligently maintained WALMART, INC parking lot. Although Defendant knew or in the exercise of ordinary care should have known that the failure to maintain WALMART, INC was likely to result in injury to the Plaintiff.
    (c) Carelessly and negligently failed to warn persons of the metal sticking out of the grass. WALMART INC. known that the failure to warn Plaintiff of the metal sticking out of the grass was likely to result in injury to the Plaintiff.
    (d) Failed to remove said metal from the parking lot area.
    (e) Failed to have a maintenance plan in place to identify hazards in and around the parking lot.

**ANSWER: The Defendant denies the allegations and legal conclusions of Paragraph 6 of Plaintiff's Complaint at Law, including subparts (a) through (e).**

7. As a direct and proximate result of one or more of the aforesaid wrongful acts or omissions on the part of the Defendant, Plaintiff suffered and will, in the future, suffer injuries of a personal and pecuniary nature.

2

FILED DATE: 1/19/2021 12:00 AM   2020L009095

**ANSWER:** The Defendant denies the allegations and legal conclusions of Paragraph 7 of Plaintiff's Complaint at Law. The Defendant further denies the Plaintiff was injured in the manner or to the extent alleged.

### AFFIRMATIVE DEFENSES

NOW COMES the Defendant **WALMART INC.**, by and through its attorneys, O'Hagan Meyer LLC, and for its Affirmative Defenses to Plaintiff's Original Complaint at Law, states as follows:

1. That before and at the time of the occurrence alleged in Plaintiff's Complaint at Law, Plaintiff was under a duty to exercise ordinary care for Plaintiff's safety.

2. That if Plaintiff was injured and sustained damages, then the injuries and damages were sustained as a direct and proximate result of Plaintiff's breach of this duty when Plaintiff committed one or more of the following negligent acts and/or omissions:

    (a) Failed to keep a proper look out for where Plaintiff was walking; and/or

    (b) Tripped on an open and obvious condition; and/or

    (c) Was otherwise careless and negligent at the time of the incident.

3. The forgoing acts or omissions of Plaintiff were the sole proximate cause or contributing cause of the injuries and damages sustained by Plaintiff, if any.

WHEREFORE, the Defendant **WALMART INC.**, denies that the Plaintiff is entitled to judgement in any sum and prays that the within suit be dismissed at Plaintiff's cost, respectfully requests that if the trier of fact finds in favor of the Plaintiff on the issue of liability that any amount of damages awarded to the Plaintiff be reduced by the percent of negligence attributable to the Plaintiff which caused or contributed to the alleged injuries or damages. Alternatively, should the

FILED DATE: 1/19/2021 12:00 AM   2020L009095

trier of fact find that Plaintiff's fault exceeds 50%, that judgment be entered in favor of the Defendant and against the Plaintiff herein with prejudice and at the cost of the Plaintiff.

Date: January 18, 2021

                      O'HAGAN MEYER LLC

                      By:  s/ Kimberly M. Haskell
                              Attorneys for Defendant
                              WALMART, INC.

James P. Balog, Esq.
Kimberly M. Haskell, Esq.
O'HAGAN MEYER LLC
1 E. Wacker Drive, Suite 3400
Chicago, IL, 60601
Tel: (312) 422-6100
Fax: (312) 422-6110
jbalog@ohaganmeyer.com
khaskell@ohaganmeyer.com

4

FILED DATE: 1/19/2021 12:00 AM   2020L009095